WESTERN ELECTRIC COMPANY, IN-
CORPORATED, Defendant-Petitioner,

v.

Honorable Herbert J. STERN, United
States District Judge for the District of
New Jersey, Nominal Respondent,

Kyriaki Cleo Kyriazi,
Plaintiff-Respondent.

No. 76–2044.

United States Court of Appeals,
Third Circuit.

Dec. 27, 1976.

Before SEITZ, Chief Judge, and ALDI-
SERT and GIBBONS, Circuit Judges.

ORDER

Respondent has filed a motion for clarifi-
cation or rehearing by the panel.

Respondent in the original mandamus ac-
tion before us first requests that we clarify
whether our opinion in that action means:

1) that the "Plaintiff is required to en-
gage in extensive additional discovery to
obtain specifics of all of the individual
claims of all class members, who number
in excess of 4,000, in order to provide
answers to Western's interrogatories";

2) "that Plaintiff must provide details of
all individual cases in order to be permit-
ted to present her *prima facie* case", and
that plaintiff rather than defendant
bears "the burden of compiling such data
which Defendant asserts it will use as a
defense to Plaintiff's statistical and docu-
mentary case";

3) "that there are no longer to be two
stages of the trial, and that all four thou-
sand or more individual claims must be
tried before Western's liability to the
class can be determined";

4) "that the information provided to De-
fendant by Plaintiff's pre-trial memoran-
dum does not adequately reveal to De-
fendant the nature of Western's discrimi-
nation against individual members of the
class."

Our opinion determined that the district
court erred in refusing to allow the defend-
ant to serve named plaintiff with interroga-
tories regarding matter which was "rele-

vant to the subject matter involved in the pending action." F.R.Civ.P. 26. The interrogatories in question were directed to plaintiff's assertions as to how Western's alleged pattern of discrimination affected each member of the class. We were not presented with and did not express any opinion on the question of what might constitute satisfactory responses to the interrogatories. This question must initially rest in the sound discretion of the district court, which has not yet entered any order on the subject. It presumably will be resolved in accordance with the court's view of such factors as whether the requested discovery, including any which would require further discovery, investigation, or compilation, would be unduly burdensome, and whether the assertions or information sought is easily accessible to Western. *See 4A Moore's Federal Practice Para. 33.20.*

Our opinion most clearly does not state limitations on the ways in which plaintiff may establish a prima facie case, express any view as to what sanctions the district court should employ if it determines that named plaintiff has not adequately responded to proper requests for discovery, address the district court's discretion to structure the trial of class as opposed to individual issues, or express any opinion on whether plaintiff's pre-trial memorandum adequately reveals her assertions as to how Western's alleged pattern of discrimination affected each member of the class.

ORDERED that respondent's motion for clarification or rehearing before the panel is denied.