551 F.2d 1
 14 Fair Empl.Prac.Cas. 74, 14 Empl. Prac.
Dec. P 7523
WESTERN ELECTRIC COMPANY, INCORPORATED, Defendant-Petitioner,
v.
Honorable Herbert J. STERN, United States District Judge for
the District of New Jersey, Nominal Respondent,
Kyriaki Cleo Kyriazi, Plaintiff-Respondent.
 No. 76-2044.
 United States Court of Appeals,
Third Circuit.
 Dec. 27, 1976.
 
 Before SEITZ, Chief Judge, and ALDISERT and GIBBONS, Circuit Judges.
 
 ORDER
 
 1
 Respondent has filed a motion for clarification or rehearing by the panel.
 
 
 2
 Respondent in the original mandamus action before us first requests that we clarify whether our opinion in that action means:
 
 
 3
 1) that the "Plaintiff is required to engage in extensive additional discovery to obtain specifics of all of the individual claims of all class members, who number in excess of 4,000, in order to provide answers to Western's interrogatories";
 
 
 4
 2) "that Plaintiff must provide details of all individual cases in order to be permitted to present her prima facie case", and that plaintiff rather than defendant bears "the burden of compiling such data which Defendant asserts it will use as a defense to Plaintiff's statistical and documentary case";
 
 
 5
 3) "that there are no longer to be two stages of the trial, and that all four thousand or more individual claims must be tried before Western's liability to the class can be determined";
 
 
 6
 4) "that the information provided to Defendant by Plaintiff's pre-trial memorandum does not adequately reveal to Defendant the nature of Western's discrimination against individual members of the class."
 
 
 7
 Our opinion determined that the district court erred in refusing to allow the defendant to serve named plaintiff with interrogatories regarding matter which was "relevant to the subject matter involved in the pending action." F.R.Civ.P. 26. The interrogatories in question were directed to plaintiff's assertions as to how Western's alleged pattern of discrimination affected each member of the class. We were not presented with and did not express any opinion on the question of what might constitute satisfactory responses to the interrogatories. This question must initially rest in the sound discretion of the district court, which has not yet entered any order on the subject. It presumably will be resolved in accordance with the court's view of such factors as whether the requested discovery, including any which would require further discovery, investigation, or compilation, would be unduly burdensome, and whether the assertions or information sought is easily accessible to Western. See 4A Moore's Federal Practice Para. 33.20.
 
 
 8
 Our opinion most clearly does not state limitations on the ways in which plaintiff may establish a prima facie case, express any view as to what sanctions the district court should employ if it determines that named plaintiff has not adequately responded to proper requests for discovery, address the district court's discretion to structure the trial of class as opposed to individual issues, or express any opinion on whether plaintiff's pre-trial memorandum adequately reveals her assertions as to how Western's alleged pattern of discrimination affected each member of the class.
 
 
 9
 ORDERED that respondent's motion for clarification or rehearing before the panel is denied.